IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CASTEX ENERGY PARTNERS | § | Bankruptcy Case No. 17-35835 |
| LP, *et al.*, | § | |
|     Debtors. | § | |
| _____ | § | |
| | § | |
| APACHE CORPORATION, | § | |
|     Appellant, | § | |
| | § | Adversary Case No. 17-3454 |
| v. | § | **CIVIL ACTION NO. H-18-0497** |
| | § | |
| CASTEX ENERGY OFFSHORE, | § | |
| INC., *et al.*, | § | |
|     Appellees. | § | |

# MEMORANDUM AND ORDER

This case involves an appeal from the Memorandum Opinion ("Mem. Op.") [Doc. # 37 in Adv. No. 17-3454], and the Remand Order [Doc. # 39 in Adv. No. 17-3454] entered February 1, 2018, by United States Bankruptcy Judge Marvin Isgur. Appellant Apache Corporation ("Apache") filed its Brief for Appellant [Doc. # 5], Appellees Castex Energy Offshore, Inc., Castex Energy, Inc., Castex Energy Partners, LP, Castex Energy 2008, L.P., and Castex Energy Development Fund, LP (collectively, "Castex") filed their Opening Brief of Appellees [Doc. # 7], and Apache filed its Reply Brief for Appellant [Doc. # 9]. The Court has conducted *de novo*

review of the full record and applicable legal authorities. Based on that review, and the reasons stated in the Bankruptcy Court's Memorandum Opinion, the Court **affirms** the Memorandum Opinion and Remand Order.

I.  **BACKGROUND**

The factual background of this dispute is set forth fully in the Bankruptcy Court's Memorandum Opinion. Briefly, in 2011, Castex and Apache entered into a joint venture to purchase oil and gas producing properties and infrastructure. They entered into several Joint Operating Agreements ("JOAs") that dictated which party would operate a given well and which party would be billed under a Joint Interest Billing Statement ("JIB") for its share of the operating expenses.

Disputes between the parties arose in connection with the JOAs and JIBs for the Belle Isle Facility and the Potomac # 3 Well. In August 2015, Apache filed a lawsuit in Texas state court alleging that Castex failed to pay JIBs totalling $18,000,000.00 in connection with thirteen JOAs. Castex filed a Counterclaim, and later filed a First Amended Counterclaim [Doc. # 3-14 in Adv. No. 17-3454]. In the First Amended Counterclaim, Castex asserted causes of action for breach of contract, "Money Had and Received," fraud, fraudulent inducement, negligent misrepresentation, negligence, gross negligence, offset, and for a declaratory judgment.

In October 2017, Castex Energy Partners, L.P. and Castex Offshore Inc. ("the Castex Debtors") filed Chapter 11 petitions in bankruptcy. In December 2017, Apache filed two proofs of claim in the Castex Debtors' bankruptcy proceeding. Apache's two proofs of claim are based on the same theory as its state court lawsuit, *i.e.*, that Castex Debtors owe Apache $18,000,000.00 in unpaid JIBs due under the thirteen JOAs.

Also in December 2017, Apache removed its state court lawsuit to federal court, where it was docketed as Bankruptcy Adversary No. 17-3454. Castex filed a motion to abstain and to remand the adversary proceeding to state court, arguing that both mandatory abstention and permissive abstention apply. The Bankruptcy Court determined that mandatory abstention was appropriate and, therefore, granted the motion to remand. *See* Mem. Op. at 12. This appeal followed.

**II.     STANDARD OF REVIEW**

The Court has jurisdiction pursuant to 28 U.S.C. § 158(a) to consider the appeal. *See In re SBMC Healthcare, LLC*, 547 B.R. 661, 673 (S.D. Tex. 2016) (Lake, J.). The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *See In re Thaw*, 769 F.3d 566, 368 (5th Cir. 2014); *Matter of Chu*, 679 F. App'x 316, 318 (5th Cir. Feb. 9, 2017). Mixed

questions of law and fact are reviewed *de novo*. *See Matter of Cowin*, 864 F.3d 344, 349 (5th Cir. 2017); *In re Positive Health Mgmt.*, 769 F.3d 899, 903 (5th Cir. 2014).

**III.   ANALYSIS**

Apache challenges the Bankruptcy Court's decision that mandatory abstention in the Adversary Proceeding was appropriate. Mandatory abstention requires a court to abstain and remand a removed case where:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Mandatory abstention is appropriate where "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding . . .; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re Moore*, 739 F.3d 724, 728-29 (5th Cir. 2014) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007)).

In this case, the Bankruptcy Court held that all four requirements for mandatory abstention had been satisfied. While the issue was pending before the Bankruptcy Court, Apache argued that the counterclaim was a core proceeding and challenged the

ability of the state court to adjudicate the dispute in a timely manner. Only the requirement that the counterclaim be non-core, however, is the subject of this appeal.

Applying the United States Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), the Bankruptcy Court held that while Apache's proofs of claim were core matters and were "independent and unrelated causes of action from Castex's counterclaims," this circumstance was insufficient to convert Castex's First Amended Counterclaim into a core matter in bankruptcy. *See* Mem. Op. at 12. On appeal, Apache argues that the First Amended Counterclaim is a core matter because a ruling on its proofs of claim will necessarily resolve the counterclaim. *See* Appellant's Brief, pp. 17-18. The record and applicable case law do not support Apache's argument.

In *Stern*, the plaintiff in a state court lawsuit later filed for bankruptcy. *See Stern*, 564 U.S. at 470. The state court defendant filed an adversary proceeding and a proof of claim in the bankruptcy case. *See id.* The state court plaintiff/bankruptcy debtor filed a counterclaim in the adversary proceeding, and argued that the bankruptcy court had authority to adjudicate the counterclaim because the state court defendant had filed a proof of claim. *See id.* at 495. The Supreme Court disagreed, holding that the process of adjudicating the proof of claim would not necessarily resolve the counterclaim. *See id.* at 497.

The Bankruptcy Court concluded, and this Court agrees after *de novo* review, that the holding in *Stern* applies in this case. The JOAs between Apache and Castex require Apache to "conduct all operations in a good and workmanlike manner." *See, e.g.,* Belle Isle Processing Facility Agreement, Record on Appeal, p. 1057. The JOAs also provide that Apache "shall not be liable" for losses resulting from its "activities or failure to act as Operator hereunder, except to the extent as may result from the gross negligence and/or willful misconduct of the Operator." *See id.* The decision to allow or disallow Apache's proofs of claim, which are based on the assertion that Castex breached the JOAs by failing to pay amounts due under the JIBs, does not require resolution of many questions of Apache's possible liability to Castex for damages under the JOAs. Specifically, resolution of Apache's proofs of claim would not necessarily resolve Castex's counterclaims based on alleged fraudulent inducement, negligent misrepresentation, and negligence. These counterclaims, which raise both issues of avoidance of Castex's liability to Apache under the JOAs and issues of Apache's liability to Castex under the JOAs, require a court to address issues beyond the allowance or disallowance of Apache's proofs of claim. As a result, at least some of the claims in Castex's First Amended Counterclaim are non-core. As the Bankruptcy Court correctly noted, if the First Amended Counterclaim contains both core and non-core matters, the Bankruptcy Court may not adjudicate the non-core

matters without the consent of the parties.  *See* Mem. Op. at 10.  Here, Castex clearly does not consent.

As discussed herein and in the Bankruptcy Court's Memorandum Opinion, the Castex's counterclaims in the adversary proceeding involve primarily non-core claims.  There is no issue raised on this appeal regarding the remaining three requirements for mandatory abstention – the lack of an independent basis for federal jurisdiction over the state court lawsuit, the existence of an action in state court, and the ability of the state court to adjudicate this dispute in a timely manner.  As a result, § 1334(c)(2) mandates remand to state court of Castex's counterclaims and, thus, the entire adversary proceeding.  Based on this Court's *de novo* review of the Bankruptcy Court's decision, the Court **affirms** the Bankruptcy Court's February 1, 2018, Memorandum Opinion and Remand Order.

## IV. **CONCLUSION AND ORDER**

Resolution of Apache's proofs of claim will not resolve Castex's counterclaims, particularly those based on fraud, fraudulent inducement, negligent misrepresentation, and negligence.  As a result, mandatory abstention and remand of the adversary proceeding to Texas state court is appropriate. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's Memorandum Opinion and Remand Order in Adversary No. 17-3454, entered February 1, 2018, are **AFFIRMED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **21st** day of **June, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE